IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RxSTRATEGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-821-WKW |
| ) | [WO] |
| JUSTIN ROLLING, ) | |
| ) | |
| Defendant. ) | |

**<u>AGREED PERMANENT INJUNCTION AND</u>**
**<u>AGREED ORDER OF DISMISSAL</u>**

The parties have reached agreement on the terms of a settlement and permanent injunction. Accordingly, it is ORDERED, ADJUDGED, and DECLARED as follows:

1)  Rolling, after a diligent search, has deleted all emails and documents, as well as any information in any form relating to RxS or any customers or prospects of RxS that he obtained while employed belonging to RxS ("RxS Confidential Information");

2)  Rolling affirms that he is not in possession of any originals, derivatives, or copies of documents that contain RxS Confidential Information.

3)  For as long as RxS Confidential Information is not readily available to the public ("Public Domain"), Rolling will not use, disclose, or misappropriate any of RxS' Confidential Information.

4) Rolling is prohibited from directly or indirectly, whether alone or in concert with others, causing RxS Confidential Information from becoming part of the Public Domain. This prohibition includes all confidential, proprietary, and/or non-public information, whether or not in written or recorded form, concerning the business or affairs of RxS, including but not limited to:

i. RxS' clients, prospective clients, acquisition targets, insurance brokers, vendors, insurance carriers, proprietary policy forms and information, policy types, rating information, premium amounts, expiration dates, information on risk characteristics, information concerning insurance markets for large or unusual risks and/or contracts or arrangements (including special terms and deals);

ii. RxS' financial condition, results of operations, marketing plans, business plans, operations, pricing, promotions, and business strategies and methods; and

iii. The proprietary services and products offered by RxS to its clients/customers or prospective clients/customers.

iv. The means by which RxS identifies and evaluates prospective customers or clients.

v. The job duties, compensation, and eligibility for recruitment of any employee or consultant of RxS.

5) For purposes of this Agreed Permanent Injunction, "Restricted Client" is defined as any client of RxS during the two (2) years immediately preceding the date upon which Rolling's employment with RxS ended.

6) Until January 24, 2022 ("Restricted Period"), Rolling shall not, directly or indirectly through another person or entity:

   i. offer, sell, solicit, quote, place, provide, renew, or service any Restricted Client;

   ii. take any action intended, or reasonably likely, to cause a Restricted Client, whom Rolling knows has a material business relationship with AssuredPartners, to cause a Restricted Client to diminish its business with, or cease or refrain from doing business with RxS.

   iii. accept, service, or refer RxS customers to others; including, without limitation his then current employer.

   iv. solicit or induce any RxS employee or consultant to terminate his or her employment with, or otherwise cease his or her relationship with RxS for the Restricted Period.

   v. hire or assist in any way in the hiring of any former employee or consultant of RxS who has left the employ or consultative relationship with RxS during the Restricted Period.

      vi.    own, operate, control, or manage any competing business with RxS.

7) During the Restricted Period, Rolling is required to ask prospective customers if they are RxS customers. If so, he shall inform them that he is unable to accept, service, or refer to others their business.

8) Provided that Rolling is compliant with the restrictions of this Order, nothing in this order prevents Rolling from selling, soliciting, quoting, placing, providing, renewing, or servicing non-RxS customers headquartered in Oregon, Washington (state), Idaho, Texas, South Dakota, North Dakota, Minnesota, Wisconsin, Nevada, Nebraska, Wyoming, and Iowa.

9) The limited restrictions of this Agreed Permanent Injunction are reasonable, valid, and enforceable.

10) Jurisdiction is retained for the purpose of implementing and enforcing this Agreed Permanent Injunction, and all parties consent to the personal and subject matter jurisdiction of the court.

11) This Agreed Permanent Injunction is and shall be binding on the parties and their successors, assigns, and heirs, and the parties are ENJOINED from failing to comply with the terms of the agreed permanent injunction.

12) This action is DISMISSED with prejudice, with the parties to bear their own costs.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this 24th day of March, 2021.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE